UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JON VERNON IMMEL,

        Petitioner,

   v.                                        Case No. 20-cv-652-JPG

UNITED STATES OF AMERICA,

        Respondent.

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Jon Vernon Immel's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). It has come to the Court's attention that this is not Immel's first § 2255 motion. He filed his first motion in 2016, and the Court denied it. *See Immel v. United States*, Case No. 16-cv-522-DRH. It is true that the Court improperly construed Immel's original filing in his 2016 case as a § 2255 motion without giving him a chance to withdraw it in light of the consequences of filing such a motion, as required by *Castro v. United States,* 540 U.S. 375, 377 (2003). The Court acknowledged as much in its September 23, 2016, order in that case (No. 16-cv-522-DRH, Doc. 14 at 2-3). However, in that order, the Court construed a later filing by Immel in the same case (No. 16-cv-522-DRH, Doc. 12) as a *bona fide* § 2255 motion, noting that Immel explicitly labeled it as such (No. 16-cv-522-DRH, Doc. 14 at 3). Thus, this is, in fact, Immel's second § 2255 motion.

In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). It has not done so. Therefore, the Court does not have jurisdiction to entertain the pending § 2255 motion. Accordingly, the Court hereby **DISMISSES** this action **for lack of**

**jurisdiction** and **DIRECTS** the Clerk of Court to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate of appealability is required to appeal from the dismissal of an unauthorized second or successive collateral attack.  *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (*per curiam*).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing where the Court denies relief on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *accord Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).  Thus, disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial."  *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85).  The Court finds that Immel has not made a showing that reasonable jurists would find debatable the question whether his current petition is an unauthorized successive petition.  Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court further notes that Immel seeks relief under the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  In *Rehaif*, the Supreme Court held

that, in a prosecution under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm.  Although relief under § 2255 is at least temporarily foreclosed to Immel until he is authorized to file a successive petition, he may be able to obtain relief in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 filed in the judicial district of his incarceration.

**IT IS SO ORDERED.**
**DATED:  July 9, 2020**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**