UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JON VERNON IMMEL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 20-cv-652-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Jon Vernon Immel's motion for reconsideration (Doc. 5) of the Court's July 9, 2020, order and judgment (Docs. 2 & 3) dismissing his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The Court dismissed the motion because Immel had filed an earlier § 2255 motion in *Immel v. United States*, Case No. 16-cv-522-DRH (Doc. 12), and had not received permission from the Court of Appeals for the Seventh Circuit to file another one. He seeks reconsideration of that order and judgment, arguing that his prior filing was not a § 2255 motion.

The Court construes Immel's motion as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) because it was filed within 28 days of entry of judgment. *See Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019). Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020). A "manifest error" occurs when the district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015)

(internal quotations and citations omitted).  The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted).  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Immel has not clearly established any of the acceptable grounds for relief.  Instead, he simply disagrees with this Court's deferring to Judge Herndon's interpretation of a prior filing as a § 2255 motion in Immel's earlier case.  Judge Herndon explained his reasoning, which rested on the fact that Immel sought relief available under § 2255 in a document expressly invoking that statute (Case No. 16-cv-522-DRH, Doc. 14).  If Immel disagreed with Judge Herndon's interpretation in that case, he could have appealed that order, but he did not.  If he disagrees with this Court's judgment in this case, he may appeal that order now.  However, he has not pointed to any manifest error of law or fact or any other legitimate grounds to alter or amend the judgment in this case under Rule 59(e).

For this reason, the Court **DENIES** Immel's motion for reconsideration (Doc. 5).

**IT IS SO ORDERED.**
**DATED:  November 5, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**